Chief Justice Robertson
delivered tlje Opinion of the Court.
This writ of error calls in question a judgment by default, rendered by the Circuit Court, on an attachment returned executed, and replevied; and presents three questions : first — did the Court err in overruling a motion for a continuance? Second — was a declaration necessary? and, third — was the'case properly triable at the return .term, there not having been ten days between the levy and the first day of the term, but more than ten days between the levy and the day for which the case was set for trial?
First. As there was no plea, the Circuit judge did not err in overruling an application to continue the case, for evidence to prove facts conducing to show that the defendant in that Court had not absconded. Such a defence, if pleaded, might have abated the attachment. But to entitle the party to make it, a plea in abatement was necessary; and having filed no plea, he had no right to continue the case for the purpose of procuring the testimony of witnesses to prove an inadmissible fact.
Second. The statute regulating attachments against absconding debtors does not require, or seem to contemplate, the filing of a declaration. The warrant of attachment seems to have been intended both as process and count.
Third. The statute prescribing the mode of proceeding by attachment against absconding debtors, does not require that such an attachment shall be made returnable to a particular day; but, when returnable to the Circuit Court, the law directs merely that it be returned to the next Court; and the statute of 1810, for regulating “proceedings in suits at law and in chancery” — and which *290 requires process “in actions at common law” to be made returnable “to the first day of the term next after they issue” — does not apply to the statutory remedy by attachment. And therefore if, by analogy, ten days after the levy of the attachment, should elapse before a trial should be had, without the defendant’s consent, still, as the attachment in this case was made returnable to no particular day, the fact that ten days elapsed from the levy to the day set for the trial, was all-sufficient.
Wherefore, as the Circuit judge decided according to the foregoing conclusions, the judgment must be affirmed.